UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-61037-CIV-COHN/SELTZER

LUIGI LA ROCCA,

    Plaintiff,

v.

THOMAS STAHLHEBER,

    Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand in Response to Defendant's Notice of Removal [DE 5] ("Motion to Remand"). The Court has carefully considered Defendant's Notice of Removal [DE 1], the Motion to Remand [DE 5], Defendant Thomas Stahlheber's Opposition to Motion for Remand [DE 9] ("Opposition"), Plaintiff's Reply [DE 10], heard oral argument of Defendant's counsel, and is otherwise fully advised in the premises.[1]

### I.  BACKGROUND

Plaintiff Luigi La Rocca is a citizen of the State of Florida. Defendant Thomas Stahlheber is a citizen of the State of Missouri. On July 30, 2007, Plaintiff was driving a motorcycle when he was struck by Defendant who was operating a motor vehicle. As a result of the accident, Plaintiff sustained injuries. On June 19, 2009, Plaintiff filed a

---

[1] Counsel for Plaintiff failed to appear at the hearing on the Motion to Remand. At the hearing, Defendant's counsel informed the Court that Plaintiff's counsel had contacted him and advised him that Plaintiff's counsel could not attend the hearing and would therefore file a motion for continuance of the hearing. Notwithstanding, counsel for Plaintiff failed to file a motion for continuance before the hearing or otherwise advise the Court that he would not attend the hearing.

Complaint in state court ("Complaint") alleging negligence and seeking "compensatory damages together with lawful costs of this suit and such other and further relief as this Court may deem just and proper."  DE 1 at 22.  The Complaint does not allege a fixed amount of compensatory damages.[2]

On July 15, 2009, Defendant filed its Notice of Removal [DE 1].  On August 14, 2009, Plaintiff filed its Motion to Remand and argues that the case should be remanded to state court because the amount in controversy does not exceed $75,000.

## II.  DISCUSSION

### A. Legal Standard

Federal courts are courts of limited jurisdiction.  Federal jurisdiction exists only when a controversy involves either a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  The parties to the instant case do not contend that their controversy involves a question of federal law.  Accordingly, this Court has jurisdiction over the instant case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  There is no dispute in this case that the parties are of diverse citizenship.  Therefore, the only jurisdictional issue concerns whether the amount in controversy requirement has been satisfied.

Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the

---

[2] The Complaint states only that "[t]his is an action for damages in excess of $15,000, exclusive of costs and interest." (Complaint ¶ 1).

evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff – be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Lowery v. Ala. Power Co., 483 F.3d 1184, 1214-15 (11th Cir. 2007).  To determine whether removal was proper, the district court has before it "only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents." Id. at 1215.  "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id.

### B. Amount in Controversy

Here, Defendant predicated its Notice of Removal, in part, on Plaintiff's allegations in the Complaint.  Specifically, Defendant asserted that "[t]he matter in controversy in this case [exceeds $75,000] as demonstrated by the allegations contained in the Complaint, which specifically enumerate numerous personal injury and economic damages, including permanent and continuing injuries." Notice of Removal ¶ 12.  A review of the Complaint, however, reveals that Plaintiff has not "specifically enumerated" any damages.  Thus, Defendant cannot meet its burden to establish the amount in controversy by a preponderance of the evidence by relying on the allegations in the Complaint.

Defendant, therefore, points to a pre-suit demand package that Plaintiff sent to

Defendant on March 3, 2008 ("Demand").³  Although Defendant did not attach the Demand to its Notice of Removal, the Notice of Removal alleges that "Plaintiff has made a presuit demand for tender of the $100,000 policy relative to Plaintiff's alleged damages."  Notice of Removal ¶ 12.  Plaintiff, in its Motion to Remand, contends that the Demand was "'mere posturing,' [and] that the incurred/objective medicals do not support Defendant's claim that the diversity jurisdiction amount has been reached."  DE 10 at 7; cf. Reynolds v. Busch Entm't Corp., 2003 WL 25569730, at *5 (M.D. Fla. June 18, 2003) ("[T]he record is devoid of facts indicating that the records sent to Defendant outlined damages in excess of $75,000.  As such, Plaintiff's letter is nothing more than mere posturing . . . and cannot be considered a reliable indication of the damages Plaintiff is seeking.").  Accordingly, the Court will examine the record to determine whether it demonstrates damages in excess of $75,000.

The Demand constitutes the only evidence in the record pertaining to damages.  The Demand states that "[d]ue to the nature of our client's injuries we value his claim above your insured's policy limits, yet Mr. La Rocca has indicated that he will accept your insured's policy limits to settle his claim."  DE 9-1 at 5.  Plaintiff concedes that the policy provided coverage up to $100,000.

The Demand further states that Plaintiff has incurred $22,563.00 in medical bills.  However, the bills attached to the Demand reveal that Plaintiff has incurred only $6,301.00 in related medical expenses.  Therefore, to satisfy the amount in controversy

---

³ The Court may consider a pre-suit demand package when ruling on a motion to remand.  See Katz v. J.C. Penney Corp. Inc., 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("[P]re-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

4

requirement, Defendant must point to record evidence demonstrating that an additional $68,699.00 is in controversy.

To satisfy its burden, Defendant points to medical reports wherein the lowest estimate of Plaintiff's future medical bills would be $2,000 per year. Specifically, Defendant relies on two doctor's reports Plaintiff submitted in the Demand. One doctor estimated that Plaintiff would incur between $2,000 and $4,000 per year in medical bills related to the accident. Another doctor estimated that Plaintiff "could" incur costs of $2,500 to $5,000 per year.

As indicated throughout the Demand, Plaintiff is forty years old. Based on Plaintiff's age, the United States Life Tables reveal that Plaintiff has a life expectancy between 37.9 and 38.9 years. The Court takes judicial notice of the United States Life Tables published by the National Office of Vital Statistics of the United States Department of Health and Human Services. See Taylor v. Otter Tail Corp., 484 F.3d 1016, 1020 n.7 (8th Cir. 2007); Smith v. United States, 277 F. Supp. 583, 592 (D.C. Fla. 1967). By multiplying Plaintiff's life expectancy (i.e., 38 years) by the lowest estimated yearly medical bills (i.e., $2,000), the Court arrives at a figure that exceeds $75,000. The amount in controversy is therefore satisfied. Because the lowest estimate of Plaintiff's future medical bills, taken alone, exceeds $75,000, the Court need not quantify Plaintiff's "7% Permanent Partial Impairment rating of the body as a whole as a result of his motorcycle accident." DE 9 at 6. Likewise, the Court need not quantify Plaintiff's pain and suffering, loss of earnings, and loss of ability to earn money.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand

5

[DE 5 ] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of October, 2009.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.